UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICIA KITTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00737-JRS-MPB |
| | ) | |
| INDIANA WOMEN'S PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Motion to Dismiss**

## I. Introduction

This is an employment dispute. Patricia Kittrell, proceeding *in forma pauperis* and *pro se*, worked at the Indiana Women's Prison for a few months in 2021, until she apparently resigned in the wake of a mental health investigation. Kittrell had a notebook, allegedly stolen from her, writings in which prompted the investigation.

Kittrell sues her former employer and four coworkers[1] for various wrongs in the conduct of the investigation and in its result. Her *pro se* form complaint indicates that the basis for jurisdiction is discrimination in employment under Title VII of the Civil Rights Act. Construing her pleadings liberally, it seems that she might also assert theories of discrimination against her mental health status under Title I of the Americans with Disabilities Act and state law tort theories.

[1] The coworkers were added by an unscreened amended complaint in this *in forma pauperis* case. They are not in the caption and have not been served, but it does matter here.

Now before the Court is the Prison's Motion to Dismiss, (ECF No. 22), which is brought under Rule 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 12(b)(1), 12(b)(6). The operative complaint is Kittrell's Amended Complaint. (ECF No. 20.)

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs." *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (citing *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)).

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the defendant must ultimately be *liable*, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490

U.S. 319, 326–27 (1989). That applies "without regard to whether [the claim] is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* But "[a] complaint need not identify legal theories, and specifying an incorrect legal theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011).

When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. Discussion

### A. ADA Claims

Kittrell's original complaint, now superseded, was a form complaint for *pro se* litigants. Kittrell checked the box indicating jurisdiction was based on the ADA. (Orig. Compl. 2, ECF No. 1.) But to the extent Kittrell still intends to rely on the ADA, she cannot recover against either the individual defendants or the Prison.

Individuals who are not themselves employers are not proper defendants for ADA claims. *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995) (no individual liability under Title VII) (citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir.1995) (no individual liability under ADA)).

The Indiana Women's Prison is part of the Indiana Department of Correction, which is a department of the State of Indiana. The Prison is entitled to the same sovereign immunity as the State. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). Generally, under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). There are exceptions where Congress has abrogated that immunity. *Id.*

Kittrell's ADA claim is that the Prison discriminated against her based on her mental health status. But employment discrimination claims fall within Title I of the ADA, 42 U.S.C. §§ 12111–12117, and the Prison is immune from suits brought under Title I of the ADA, *Garrett*, 531 U.S. at 360.

B. Title VII Claims

Kittrell's operative complaint, again using the form complaint, has the box checked for Title VII. (Compl. 3, ECF No. 20.)

Kittrell's change in legal theory from the ADA to Title VII does not help her. While Title VII claims, unlike ADA claims, are excepted from the State's sovereign immunity, *Nanda v. Bd. of Trustees of Univ. of Illinois*, 303 F.3d 817, 831 (7th Cir. 2002), Title VII prohibits only discrimination based on "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2. Kittrell checks the box for discrimination against her based only on "disability or perceived disability: Schizophrenia," (Compl. 6, ECF No. 20), and her factual narrative is consistent with that choice: she tells a

story of a mental health dispute, never once mentioning the Title VII protected classes, (*id.* at 10–11). Thus Kittrell has failed to make a "plausible" claim for relief under Title VII.[2]

Because Kittrell cannot recover for the allegedly discriminatory actions under either legal theory, the discrimination claim must be dismissed.

C. State-Law Tort Claims

Kittrell in her complaint mentions "theft" and "emotional distress." (Compl. 11, ECF No. 20.) Those are theories of recovery under state law. It is not immediately clear to the Court against whom recovery is sought or what conduct gives rise to the claim. None of the four coworkers Kittrell names is, apparently, the one she believes to have stolen her notebook.[3] To the extent the named defendants are allegedly involved in wrongdoing, tort claims against state employees face a possible bar in the Indiana Tort Claims Act. Ind. Code § 34-13-3-0.1 *et seq*. And tort claims against the Prison are barred by the Eleventh Amendment. *Nuñez*, 817 F.3d at 1044.

---

[2] The Prison would have the Court take a roundabout way to the same result: a Title VII plaintiff can only bring claims from her EEOC charge, *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010), which charge the Court may consider under the incorporation-by-reference doctrine despite not being attached to the complaint, *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014), and which turns out to contain only disability-discrimination allegations, (ECF No. 22-1).

[3] Kittrell seems to suggest for the first time in her response brief, (ECF No. 25), that the unnamed coworker who allegedly stole her notebook also violated her Fourth Amendment rights. Kittrell is permitted to add new legal theories in response to a motion to dismiss, *Whitaker v. Milwaukee Cnty., Wis.*, 772 F.3d 802, 808 (7th Cir. 2014), but she may not use her response to amend her complaint wholesale, *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). Kittrell's claims against the coworker who allegedly stole her notebook are not part of this case. *See* Fed. R. Civ. P. 20(b) (requiring common question of fact or law to join defendants).

But the Court will not rule on the state law claims. Kittrell's ADA or Title VII discrimination claim, which arises under federal law, is dismissed. The remaining dispute, if any, is between Kittrell and her coworkers. It is an Indiana matter that does not independently invoke this Court's jurisdiction. The Court therefore declines to exercise supplemental jurisdiction over Kittrell's state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction [if] the district court has dismissed all claims over which it has original jurisdiction."); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.")

## IV. Conclusion

The Eleventh Amendment bars recovery against the Prison under the ADA; Title VII by its terms does not protect against the discrimination Kittrell allegedly suffered here. The individual defendants cannot be liable under either the ADA or Title VII.

The Court declines to exercise supplemental jurisdiction over any remaining state law claims.

The Prison's Motion to Dismiss, (ECF No. 22), is **granted.** All other pending motions, (ECF No. 27), are **denied as moot.** Kittrell's complaint is **dismissed without prejudice** to allow her to refile state law claims in the appropriate court.

Despite the dismissal without prejudice, though, Kittrell cannot revive her claims in this Court by amending her complaint. **The federal case is closed.** Final judgment under Rule 58 shall be entered separately. Fed. R. Civ. P. 58(b).

**SO ORDERED.**

Date: 11/21/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.

Distribution by U.S. Mail to:

PATRICIA KITTRELL
5150 Emerson Village Dr. Apt.107
Indianapolis, IN 46237